ORDER

Gary Corradini, a Michigan resident proceeding pro se, appeals a district court judgment affirming the bankruptcy court’s April 19, 2002 order, in this adversary proceeding regarding dischargeability of a debt owed to him by the debtor, Charles Corradini. Corradini’s appellate brief contains a request for oral argument. This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. RApp. P. 34(a).
The debt at issue in this ease arose after Corradini sought financial advice from the debtor, who is a Certified Public Accountant and a cousin of Corradini. As requested by Corradini, the debtor made several investment proposals in 1994. Each proposal involved the development of real property located on Lake Montcalm Road in Pierson Township, Michigan (“the Pier-son property”). The debtor did not own the Pierson property at the time he discussed investment proposals with Corradini; however, he leased and resided on the Pierson property at the time of these proposals. The debtor had an option to purchase the property from the owners, Keith and Terri Grannis, for $1.00. Corradini rejected a proposal that involved an investment of $65,000.00 and included deduction of construction costs and a $15,000.00 “land cost” from potential profits. On April 23,1995, Corradini loaned the debtor $30,000.00, which he delivered in four undated checks, each in the amount of $7,500.00 and made payable to “Grannis.” The debtor executed a promissory note that provided for repayment before July 1, 1995 and stated “[t]his note is secured by [the Pierson property].” No mortgage was executed or recorded. The interest rate under the note was fifteen percent.
Corradini alleges that the language of the promissory note led him to believe that the debtor owned the Pierson property and that this perception was reinforced by several of the debtor’s statements. Corradini represented to the bankruptcy court that he would not have loaned the debtor $30,000.00 if he had known that the debtor did not own the Pierson property.
In June 1995, Corradini loaned the debt- or an additional $25,000.00 by issuing four checks payable to Grannis Inc. No promissory note or any other documentation was executed with this loan. A year or more after making this loan, Corradini obtained title documents and learned that the debt- or did not own the Pierson property.
In March 1997, the debtor paid Corradini $33,000.00 from an inheritance the debt- or received upon his father’s death. The debtor did not give Corradini any instructions as to which debt he should apply the money. Corradini admitted he did not apply the money to a particular loan, but just accepted it.
On March 9, 2001, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Corradini filed this adversary action on June 1, 2001, claiming: 1) that the first loan was procured through the debtor’s false representations regarding his ownership of the Pierson property; and 2) that, as a result, the remaining indebtedness should be ex- *446 eepted from the debtor’s discharge under 11 U.S.C. § 523(a)(2)(A).
The bankruptcy court found that the payment of $33,000.00 satisfied the debt- or’s outstanding debts owed to Corradini. The court also found that the loan was non-business and therefore had interest rates that rendered it usurious and unenforceable. The court further found no reliance by Corradini on the debtor’s representations and no deception on the debtor’s part regarding his ownership of the Pierson property. Lastly, the court denied Corradini’s motion to file an amended complaint. The district court affirmed the bankruptcy court’s decision in all respects. The court also found no abuse of discretion when the bankruptcy court denied Corradini’s motion to amend the complaint. This appeal followed.
Our court independently reviews the bankruptcy court’s decision. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1440 (6th Cir.1995); Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). We review the bankruptcy court’s findings of fact under the clearly erroneous standard and review the bankruptcy court’s conclusions of law under the de novo standard. In re The Gibson Group, Inc., 66 F.3d at 1440. After review of the record, we conclude that the bankruptcy court did not err in either its findings of fact or conclusions of law.
Because the bankruptcy court articulated specific reasons for the decision — and the district court affirmed that decision for the same reasons — we conclude that the issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. See, e.g., Ellis v. United States, No. 97-2077, 1998 WL 777995 (6th Cir. Oct.21, 1998) (unpublished) (affirming for the reasons employed by the district court).
Accordingly, the district court’s judgment affirming the opinion of the bankruptcy court dated April 19, 2002, is affirmed for the reasons stated therein. The request for oral argument is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.